888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy Finley FAULKNER, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 Nos. 89-1367, 89-1441.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 ORDER
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 
 1
 These consolidated cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Roy Finley Faulkner moves for counsel and appeals from the district court's judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Following a jury trial, Faulkner was convicted of felony murder and first-degree premeditated murder in violation of Mich.Comp.Laws Ann. Sec. 750.316, and was sentenced to two concurrent terms of life imprisonment. The Michigan Court of Appeals later vacated the felony murder conviction.
 
 
 3
 Faulkner claimed that the evidence was insufficient to support his conviction, that he was denied his right of confrontation, and that he received ineffective assistance of counsel. After reviewing the respondent's answer and Faulkner's reply, the district court dismissed the petition. Faulkner raises the same claims on appeal.
 
 
 4
 Faulkner claims first that there was insufficient evidence of premeditation. We disagree. After reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979). The evidence shows that Faulkner and Ramsey had the common enterprise to engage the victim (a prostitute) in sexual activity. There was a dispute about paying her, and Ramsey killed the victim. However, Faulkner was not merely present. He helped pick up the victim in the first place, had sexual contact with her, helped drag her out of the car, and suggested that he and Ramsey go back to see if she was dead. This shows that he participated in all that occurred before and after the murder and that the jury could reasonably have inferred the requisite intent to murder. Conduct subsequent to the killing may be indicative of premeditation and deliberation, as where the accused returns to forestall discovery of the killing or attributes the same to himself. See People v. Berthiaume, 59 Mich.App. 451, 459-60, 229 N.W.2d 497, 501-02 (1975). Based on the evidence, a rational trier of fact could have found that Faulkner either had the requisite intent, or he supported the killing, knowing of Ramsey's intent. Faulkner aided in the killing by taking conscious action to make the murder succeed. See People v. Boose, 109 Mich.App. 455, 470-71, 311 N.W.2d 390, 396-97 (1981). Thus, his first claim is meritless.
 
 
 5
 Faulkner's second claim is also without merit. Faulkner claims that Brown's testimony regarding Ramsey's incriminating statements denied his right of confrontation. Brown testified that Ramsey told him about his participation in the murder. This testimony placed Faulkner at the scene of the crime, and was offered to prove that he participated in the killing. Ramsey did not testify at trial. A review of the record shows that Brown had a conversation with Faulkner and Ramsey regarding the murder. According to Brown's testimony, although Ramsey participated more actively in the conversation, Faulkner participated as well. Faulkner did not deny Ramsey's story or deny his participation in the murder. Additionally, Faulkner supplied details as to what happened after the killing. Thus, he showed that he believed that Ramsey was telling the truth. See Mich.R.Evid. 801(d)(2)(B); People v. Karam, 106 Mich.App. 383, 390-93, 308 N.W.2d 220, 223-24 (1981).
 
 
 6
 Faulkner was not denied the right to confront an adverse witness. His initial silence in the conversation was not an exercise of his right to remain silent when accused of a crime. See People v. Bobo, 390 Mich. 355, 212 N.W.2d 190 (1973); Mich.R.Evid. 801(d)(2)(B). This situation involves Faulkner's adoption of Ramsey's statements. From the circumstances surrounding the statements, it is clear that his silence reflects an admission of wrongdoing and was properly used as substantive evidence. People v. Karam, 106 Mich.App. at 392-93, 308 N.W.2d at 224.
 
 
 7
 Finally, Faulkner's claim that he was denied effective assistance of counsel is meritless. He claimed that his counsel was ineffective because he entirely failed to address the sufficiency of the evidence on the charge of premeditated murder, failed adequately to argue the motion for directed verdict on the felony murder charge, failed to object to the admission of Brown's testimony, and failed to object to the trial court's instruction on rape. To establish ineffective assistance of counsel, Faulkner must show that counsel's representation fell below an objective standard of reasonableness and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Faulkner's claims are without merit. His claim that counsel was ineffective because he entirely failed to address the sufficiency of the evidence and the unreliability of Brown's testimony in the trial court fails because Faulkner's conviction is supported by sufficient evidence. Finally, his claims that counsel erred in not adequately arguing the motion for directed verdict on the felony murder charge and because counsel did not object to the jury instruction on rape are moot, the Michigan Court of Appeals having vacated the felony murder conviction on Faulkner's initial appeal.
 
 
 8
 For these reasons, the motion for counsel is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.